DONALD SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE
Smith v. Commissioner
Docket No. 30697-87
United States Tax Court
T.C. Memo 1989-325; 1989 Tax Ct. Memo LEXIS 325; 57 T.C.M. (CCH) 864; T.C.M. (RIA) 89325; July 5, 1989; As corrected July 19, 1989 George Bowden, for the respondent. Diane L. Berkowitz, for the petitioner. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code. [1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case came before the Court on respondent's Motion to Dismiss Petitioner Donald Smith for Fugitive Status. Respondent determined a deficiency *326 and additions to tax as follows: Addition
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6654
Sec. 6661
1986
$ 189,652.38
$ 18,965.24
$ 9,482.62
$ 9,176.07
$ 47,413.09
Respondent also determined an addition to tax pursuant to section 6653(a)(2) in the amount of 50 percent of the interest due on the deficiency. The issue for decision is whether this case should be dismissed because petitioner is a fugitive from justice. On August 5, 1987, petitioner was convicted in the U.S. District Court, Northern District of Illinois, Eastern Division, of possession of cocaine and conspiracy to distribute cocaine. On September 22, 1987, petitioner failed to appear as ordered before U.S. District Court Judge Nicholas J. Bua for sentencing. On September 23, 1987, an arrest warrant was issued for petitioner for failure to appear in court for the September 22, 1987, sentencing. Attempts by the U.S. Marshal's Service to locate petitioner have been unsuccessful and petitioner remains a fugitive from justice. Petitioner is not represented by counsel in this case. In response to the issuance of the notice of deficiency dated June 10, 1987, a *327 petition was filed on September 11, 1987. At the time of filing the petition, petitioner resided at Chicago, Illinois. The Court has attempted to serve petitioner with various orders during the past year but all such orders have been returned to the Court as undeliverable or addressee unknown. Petitioner is a fugitive from justice. ; ; . Petitioner's status as a fugitive from justice disentitles him to call upon the resources of this Court for determination of his claim. ; , , affd. by unpublished opinion (3d Cir., 1989). Accordingly, respondent's motion to dismiss will be granted and the petition dismissed based on petitioner's status as a fugitive from justice. A decision will be entered for respondent for the full amount of the deficiency *328 and additions to tax determined in the notice of deficiency. If, within 30 days after the decision in this case has been entered, petitioner's fugitive status is terminated and petitioner files a motion with this Court to vacate this decision, we will consider his case on the merits. To reflect the foregoing, An order and decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to section 7443A and Rule 180. All section references are to the Internal Revenue Code as in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩